37 F.3d 1502
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Melvin F. HOLLOW HORN BEAR, Appellant.
 No. 94-2484SD.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 12, 1994.
Filed: Oct. 20, 1994.
 
 Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 After a night of drinking following his high school prom, Melvin F. Hollow Horn Bear stabbed his mother with a kitchen knife in their home on the Rosebud Reservation. A jury convicted Hollow Horn Bear of assault with a dangerous weapon with intent to do bodily harm, and assault resulting in serious bodily injury. See 18 U.S.C. Secs. 1153, 113(c),(f) (1988). Hollow Horn Bear appeals his convictions and we affirm.
 
 
 2
 Hollow Horn Bear does not deny stabbing his mother. Hollow Horn bear contends, however, that because he was intoxicated there is insufficient evidence that he was capable of forming the specific intent to do bodily harm. Applying the familiar standard of review for sufficiency of the evidence, we conclude the evidence is "sufficient to convince a reasonable jury beyond a reasonable doubt" that Hollow Horn Bear intended to do bodily harm to his mother. See United States v. Roach, 28 F.3d 729, 736 (8th Cir. 1994). Eyewitnesses testified that Hollow Horn Bear threatened to kill his mother before he stabbed her and later told her "next time, I'm going to do worse." The police officer who found Hollow Horn Bear walking down a road minutes after the assault testified that Hollow Horn Bear said "I should have killed [my mother]." Hollow Horn Bear himself accurately testified about his activities leading up to the stabbing, showing his intoxication did not seriously impair his perception or memory. This evidence is sufficient to show Hollow Horn Bear was capable of forming the specific intent to do bodily harm to his mother.
 
 
 3
 Hollow Horn Bear raised the "battered child syndrome" as a component of his self-defense claim and offered evidence his mother had abused him. Hollow Horn Bear contends the district court's instruction relating the syndrome to self defense was inadequate and misleading to the jury because the instruction referred to a "reasonable person in the same or similar circumstances" rather than a "reasonable battered person." We conclude the district court did not abuse its wide discretion in formulating the jury instructions. See United States v. Casas, 999 F.2d 1225, 1230 (8th Cir. 1993) (standard of review), cert. denied, 114 S. Ct. 894 (1994). The district court properly instructed the jury on the law of self defense without invading the jury's domain to decide whether the circumstances of Hollow Horn Bear's childhood abuse affected the reasonableness of his behavior. See United States v. White Horse, 807 F.2d 1426, 1430 (8th Cir. 1986) (district court instructs jury on law but may not decide facts or apply law to those facts).
 
 
 4
 Accordingly, we affirm.